2010 Ark. App. 806

**Lesa Diane MENNE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–577.**

Court of Appeals of Arkansas.

Dec. 8, 2010.

Richard Jarboe, Walnut Ridge, for appellant.

Dustin McDaniel, Atty. Gen., Eileen W. Harrison, Asst. Atty. Gen., Little Rock, for appellee.

LARRY D. VAUGHT, Chief Judge.

Lesa Menne was convicted by a Lawrence County Circuit Court jury of possession of drug paraphernalia, possession of marijuana, and possession of methamphetamine. She argues that the trial court erred in denying her motion to suppress evidence found during the search of her vehicle. She claims that she was illegally detained after a traffic stop and that any consent she gave was invalid. Alternatively, she contends that her consent was not voluntary. We agree that Menne was illegally detained after the traffic stop; therefore, the trial court erred in denying her motion to suppress. Accordingly, we reverse and remand.

On October 29, 2008, Arkansas State Trooper Phillip Roark stopped Menne in her truck for speeding.[1] The trooper approached Menne and asked for her driver's license, proof of insurance, and registra-

---

**1.** Menne does not contest the validity of the stop.

tion. Trooper Roark testified that because Menne "seemed to be nervous," it was late at night, he had previously received information that Menne was dealing drugs, and he had found a small amount of marijuana in her vehicle (which someone else was driving at the time) the month before, he returned to his patrol car and called for a drug dog.

According to Trooper Roark, about nine-and-half minutes into the stop Menne had provided all the documentation that he requested and he had verified that documentation. He decided to write her a warning ticket, which he began to fill out. The trooper admitted that up to this point he had not observed anything of an illegal nature and that he had no "probable cause" to search her vehicle. However, he asked Menne, who was still in her truck, to step outside, where he advised her that he was going to issue her a warning ticket. Instead of giving it to her to sign, he asked Menne for permission to search her vehicle. This was approximately fourteen minutes into the stop. The parties dispute whether Menne consented, but there is no dispute that the search took place. The trooper's search of Menne's vehicle revealed drug paraphernalia and marijuana. In Menne's purse, methamphetamine was discovered.

Menne's motion to suppress sought to exclude the contraband found in her truck and purse. The trial court denied the motion, and Menne was convicted. Menne's first point on appeal is that the trial court erred in denying her motion because she was illegally detained after the traffic stop was completed. As such, any consent she gave was invalid. Specifically, she claims that the purpose of the traffic stop was completed after nine-and-one-half minutes, which was approximately five minutes before the trooper requested permission to search her vehicle. |₃She points out that the trooper had returned all of her documentation and had written the warning ticket. Only her signature on the ticket was lacking. Instead of having her sign the ticket and releasing her, she contends that Trooper Roark unlawfully detained her when he asked that she step outside her vehicle and requested consent to search. She claims that the delay was a pretext—orchestrated to give the drug dog time to arrive. Menne also contends that because the purpose of the stop was complete at nine-and-one-half minutes, the detention beyond that time required reasonable suspicion of criminal activity under Arkansas Rule of Criminal Procedure 3.1, which was lacking in this case.

In reviewing the denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Ayala v. State*, 90 Ark. App. 13, 18, 203 S.W.3d 659, 663 (2005).

A continued detention after the legitimate purpose of the traffic stop has been completed (absent reasonable articulable suspicion of criminal activity) is a violation of Arkansas Criminal Procedure Rule 3.1.[2] *Sims v. State*, 356 Ark. 507, 515, 157 S.W.3d 530, 536 (2004); *Ayala*, 90 Ark.

---

2. Rule 3.1 provides:
   A law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit ... a

felony ...., if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. Ark. R.Crim. P. 3.1 (2010).

App. at 16, 203 S.W.3d at 662; *Lilley v. State,* 89 Ark. App. 43, 199 S.W.3d 692 (2004). In *Sims,* the appellant was pulled over for a traffic violation. After the traffic stop was completed, the officer handed the appellant his identification information and the traffic-violation warning, and the appellant began walking back to his car. The officer then asked appellant for consent to search appellant's vehicle, and appellant said "no." Nevertheless, the officer held Sims at the scene until the drug dog arrived. The dog alerted on the car, the car was searched, and drugs were discovered.

Our supreme court stated that a law-enforcement officer, as part of a valid traffic stop, may detain a traffic offender while completing certain routine tasks and, as part of that process, ask for consent to search the vehicle. *Sims,* 356 Ark. at 514, 157 S.W.3d at 535. The court then held that after the officer handed the appellant his documentation and the warning ticket, "the legitimate purpose of the stop had terminated." *Sims,* 356 Ark. at 513, 157 S.W.3d at 534. As such, the continued detention of the appellant after that point was a violation of Rule 3.1. *Id.* at 515, 157 S.W.3d at 536.

Similarly, in *Ayala,* after pulling the appellant over for speeding, the officer verified the appellant's documentation, found that "everything was in order," but did not return the documents to him. While still holding the paperwork, the officer asked the appellant if there were drugs in the vehicle, to which the appellant invited the officer to conduct a search. The officer ran the drug dog around the vehicle, the dog alerted, and a subsequent search revealed marijuana. Under those facts, our court held that it was evident that the purpose of the traffic stop was completed, and absent any reasonable suspicion, it was the officer's duty to return the paperwork, issue a citation or warning, if necessary, and discontinue the detention. *Ayala,* 90 Ark. App. at 16, 203 S.W.3d at 662.[3]

The issue before us is whether the traffic stop was complete when Trooper Roark obtained consent from Menne. Based on *Sims* and *Ayala,* we hold that it was. The legitimate purpose of the traffic stop ended after nine-and-a-half minutes, when Trooper Roark had received, verified, and returned all of Menne's documentation. The trooper specifically testified that he had completed his speeding investigation, and he had written the warning ticket. We acknowledge that Trooper Roark had not yet given the ticket to Menne to sign. However, relying upon our holdings in *Sims* and *Ayala* along with the trooper's testimony that his investigation was complete, that fact does not alter our conclusion. Nine-and-a-half minutes after stopping Menne, the legitimate purpose of the stop was complete. The trooper's failure to hand over the warning ticket to Menne at that time was nothing more than a stalling tactic to allow time for the drug dog's arrival. Therefore, the trial court erred when it denied Menne's motion to suppress. Menne's detention beyond the completion of the traffic stop was illegal, and any subsequent consent given by Menne was invalid.

To the extent the State argues that under Rule 3.1, the trooper had a total of fifteen minutes to conduct the traffic stop and obtain consent from Menne, we reject

---

3. In *Ayala,* this court ultimately affirmed the trial court's denial of Ayala's motion to suppress, holding that the officer had reasonable suspicion that Ayala was committing a felony; therefore, the officer was authorized to detain Ayala beyond the conclusion of the stop based upon Arkansas Criminal Rule of Procedure 3.1. *Ayala,* 90 Ark. App. at 17, 203 S.W.3d at 662.

such an argument. The time limit of fifteen minutes set forth in Rule 3.1 sets the maximum amount of time in which an officer can detain someone where there is reasonable suspicion of criminal activity. Ark. R.Crim. P. 3.1. As such, where a traffic stop is completed prior to the fifteen-minute mark, and there is no reasonable suspicion to detain the person stopped, the person must be released. When the purpose of the traffic stop ends short of fifteen minutes, officers are not at liberty to take the remaining time, up to the fifteen-minute mark, to garner consent from the person stopped.

▮ We further hold that once the legitimate purpose of the stop had ended, Trooper Roark did not have authority under Rule 3.1 to detain Menne because he had no grounds to reasonably suspect that she was engaged in criminal activity. Trooper Roark testified that after he verified all of Menne's documentation, he asked her to step out of her truck despite the fact that he had not observed anything of an illegal nature. He further testified that she had not committed any criminal violation for which he could arrest her and that he did not have probable cause to search her vehicle.

We are aware of the other testimony of Trooper Roark that Menne seemed nervous; she was driving late at night; her background search revealed a prior arrest record; he had been previously advised by a Walnut Ridge police officer she was dealing drugs; and the month prior, he had stopped Menne's truck and found drugs in it. The three latter facts do not constitute reasonable, articulable suspicion that Menne was currently engaged in criminal activity because they are not facts that Trooper Roark personally observed that night. The only observations actually made by Trooper Roark on the night in question were that Menne seemed nervous and that she was driving late at night. We hold that in this case, those two facts considered together fail to constitute reasonable suspicion of criminal activity. *Laime v. State*, 347 Ark. 142, 159, 60 S.W.3d 464, 475 (2001) (holding that mere nervousness, standing alone, does not constitute reasonable suspicion of criminal activity and grounds for detention); *Stewart v. State*, 332 Ark. 138, 147, 964 S.W.2d 793, 798 (1998) (holding that the facts that appellant was walking in a high-crime area late at night did not give officers a sufficient reason to stop him under Rule 3.1).

Therefore, based on the totality of the circumstances, we hold that the trial court committed error in denying Menne's motion to suppress evidence. The legitimate purpose of the traffic stop was complete nine-and-a-half minutes after the initial stop when Trooper Roark, by his own testimony, had obtained, verified, and returned Menne's documentation to her, he had completed his speeding investigation, and he had written the warning citation. Any consent given after that point by Menne was invalid, and the search was illegal. We further hold that the trooper lacked reasonable suspicion pursuant to Rule. 3.1 to detain Menne beyond the completion of the traffic stop. Accordingly, we reverse and remand for proceedings consistent with this opinion. Because we reverse on Menne's first point, we do not reach her second argument on appeal alleging involuntary consent.

Reversed and remanded.

ROBBINS, KINARD, and ABRAMSON, JJ., agree.

GLADWIN and HENRY, JJ., dissent.

ROBERT J. GLADWIN, Judge, dissenting.

While I fully agree with the majority that Trooper Roark was delaying the com-

pletion of the traffic stop in order for the drug dog to arrive, I am convinced that our standard of review requires us to affirm; therefore, I respectfully dissent.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing the findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper deference to the circuit court's findings. *Mann v. State*, 357 Ark. 159, 161 S.W.3d 826 (2004). We reverse only if the circuit court ruling is clearly against the preponderance of the evidence. *Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001). Based upon my review of the evidence and giving the trial court's decision the proper deference, I am compelled to conclude that the trial court could find reasonable suspicion for Trooper Roark to delay releasing the appellant. Our criminal rules define reasonable suspicion as "a suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to *more than a bare suspicion:* a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion." Ark. R.Crim. P 2.1 (emphasis added). In *Laime,* the supreme court held that whether there is reasonable suspicion depends on whether, under the totality of the circumstances, the police have specific, particularized, and articulable reasons indicating that the person may be involved in criminal activity. *Laime,* 347 Ark. at 155, 60 S.W.3d at 464. Arkansas Code Annotated section 16–81–203 (Repl.2005) lists several factors to be considered in determining if an officer has grounds for reasonable suspicion, including:

1) The demeanor of the suspect;

2) The gait and manner of the suspect;

3) Any knowledge the officer may have of the suspect's background or character;

4) Whether the suspect is carrying anything, and what he or she is carrying;

5) The manner in which the suspect is dressed, including bulges in clothing, when considered in light of all of the other factors;

6) The time of the day or night the suspect is observed;

7) Any overheard conversation of the suspect;

8) The particular streets and areas involved;

9) Any information received from third persons, whether they are known or unknown;

10) Whether the suspect is consorting with others, whose conduct is reasonably suspect;

11) The suspect's proximity to known criminal conduct;

12) The incidence of crime in the immediate neighborhood;

13) The suspect's apparent effort to conceal an article; and

14) The apparent effort of the suspect to avoid identification or confrontation by a law enforcement officer.

The trial court made no specific findings and simply denied the motion to suppress; therefore, we are left to speculate on the basis for his denial. We can infer that the trial court found reasonable suspicion for continued detention. Among the factors the court may have relied on is the knowledge the officer had of the suspect's background. Trooper Roark had a previous encounter with appellant and her passenger, Christopher Smith, where the passenger was found in the same truck with marijuana seeds. Next, the time of day

and place of encounter may be considered factors, as appellant was stopped at 11:00 p.m. on a state highway. Further, Trooper Roark had information about appellant from a third party, as he testified that he had received information from the Walnut Ridge Police Department that appellant was dealing drugs. In my view, these are facts or circumstances that rise to more than a bare suspicion.

With these factors in mind, Trooper Roark could detain appellant long enough to request the consent to search. Appellant clearly indicated at least once that she felt she was being harassed, but Trooper Roark testified that she consented to the search. The trial court credited this testimony in denying the motion to suppress. The validity of the consent is a factual question, and the trial court's finding of fact will not be reversed unless it is shown to be clearly erroneous. *Cain v. State*, 2010 Ark. App. 30, 373 S.W.3d 392.

The majority relies on our language in *Ayala v. State*, 90 Ark. App. 13, 203 S.W.3d 659 (2005), which states that once the purpose of the traffic stop is completed and absent any reasonable suspicion it is the officer's duty to return the paperwork, issue the citation or warning if necessary, and discontinue the detention. I was a member of the panel deciding that case, and I stand by that holding. The distinction between *Ayala* and the present case is that the trial court in the present case could find reasonable suspicion from the facts and circumstances presented. Further, in *Yarbrough v. State*, 370 Ark. 31, 257 S.W.3d 50 (2007), our supreme court seems to place some weight on the fact that the officer had not returned appellant's identification papers and had not given him a copy of the warning in determining whether the traffic stop was completed.

Finally, I note that the majority relies on Trooper Roark's testimony that he did not have probable cause to search the vehicle. First of all, probable cause to search is not the standard for a detention; reasonable suspicion is the standard. Further, the fact that an officer's testimony is contradictory about whether he had probable cause to arrest is not determinative of the issue. *Efurd v. State*, 334 Ark. 596, 976 S.W.2d 928 (1998); *State v. Bell*, 329 Ark. 422, 948 S.W.2d 557 (1997). The same should be true on the question of reasonable suspicion to detain.

Although this is a very close case, I am compelled to follow our standard of review; therefore, I dissent.

HENRY, J., joins.